UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 13-cv-24477-GOODMAN

JULIO FERNANDEZ,

      Plaintiff,

v.

ANDY IRON WORKS, INC. and,
ANDREW L. RUIZ,

      Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS COUNT I OF THE COMPLAINT WITH PREJUDICE

THIS Cause is before the Undersigned on Defendants' Tender of Full Payment and Motion to Dismiss Count I of the Complaint With Prejudice (the "Motion"). [ECF No. 11]. Plaintiff responded in opposition to the Motion [ECF No. 16] and Defendants filed their reply. [ECF No. 17]. The matter is now ripe for review. Having reviewed the Motion, the response, the reply, and the pertinent portions of the record, the Undersigned **denies** Defendants' Motion to Dismiss.

## I.    BACKGROUND

Plaintiff Julio Fernandez ("Plaintiff") brought this action against Defendants Andy Iron Works, Inc. and Andrew L. Ruiz (collectively "Defendants") for overtime wage violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-216

(Count I), and negligence under Fla. Stat. § 440.11(1)(a) (Count II). [ECF No. 1]. In response to the complaint, Defendants sent a check to Plaintiff for tender of full payment of damages, including liquidated damages, and filed the instant Motion, urging the Undersigned to dismiss Count I with prejudice and remand Count II to state court pursuant to Federal Rule of Civil Procedure 12(h)(3). [ECF No. 11]. Plaintiff responded in opposition, arguing that the check did not constitute full tender so as to make the overtime claim moot.[1]  [ECF No. 16, p. 1].

## II.    DISCUSSION

### A.  Motions to Dismiss Under Rule 12(h)(3) for Mootness

The Supreme Court has long recognized that "a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. U.S.*, 506 U.S. 9, 12 (1992) (quotations omitted). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally

---

[1]    The Undersigned, at least for purposes of this motion, finds that the check should be construed as a settlement offer that was not accepted.  Definitive information regarding whether the check was cashed or not, indicating an acceptance of the offer, would have been helpful to the Undersigned. Plaintiff's response in opposition notes that the amount was tendered, but does not specifically say it was not accepted.  [ECF No. 16]. Defendants state in their motion that they "paid Plaintiff $2,100.000 [sic] which amount represents the entire damages that Plaintiff claims he is owed . . . " [ECF No. 11, p.2].  But, according to their reply memorandum, "[i]t is Defendants' position that the tender of the full amount Plaintiff claims he is owed in unpaid overtime and liquidated damages renders that claim moot."  [ECF No. 17].  The reply memorandum never states the amount was actually paid.

cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "[I]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff meaningful relief, then the case is moot and must be dismissed." *Soliman v. U.S.*, 296 F.3d 1237, 1242 (11th Cir. 2002) (quotations omitted). In such instances, the case is dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3), which states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Here, Defendants argue that the overtime claim is moot because they have offered to pay Plaintiff his entire claimed damages, including liquidated damages. [ECF No. 11, p. 2]. Plaintiff denies that the claim is moot because the offer did not include attorney's fees and costs that he would be entitled to as the prevailing party under the FLSA. [ECF No. 16, p. 1].

### B.  **Plaintiff's Overtime Claim is not Moot**

In arguing that the overtime claim is moot, Defendants cite to *Dionne v. Floormasters Enters., Inc.*, 667 F.3d 1199 (11th Cir. 2012) (vacating and superseding *Dionne v. Floormasters Enters., Inc.*, 647 F.3d 1109 (11th Cir. 2012)). In *Dionne*, the defendant tendered full payment for an FLSA claim and filed a motion to dismiss almost identical to Defendants' Motion in this case. *Id.* at 1201. Unlike Plaintiff here, the plaintiff in *Dionne* **conceded** that his overtime claim was mooted by payment of full tender but requested that the court reserve jurisdiction to determine attorney's fees and

costs under the FLSA.  *Id.* at 1201-02. The District Court denied plaintiff's motion for

attorney's fees and costs and the Eleventh Circuit affirmed. *Id.* at 1202; 1206.

In affirming the District Court's decision, the Eleventh Circuit held that "Dionne

is not a 'prevailing party' in this action because, in granting Floormasters' motion to

dismiss this lawsuit for lack of subject matter jurisdiction, the District Court did not

award a *judgment* in his favor." *Id.* at 1205 (emphasis supplied). The FLSA awards

attorney's fees and costs only when the plaintiff receives a favorable judgment. 29

U.S.C. § 216(b). Thus, the Eleventh Circuit held that the plaintiff in *Dionne* was not

entitled to attorney's fees and costs. *Dionne*, 667 F.2d at 1206.

While noting what they deem a favorable outcome in *Dionne*, Defendants neglect

an important footnote in which the Eleventh Circuit stated:

> Our decision in this matter addresses a very narrow question: whether an
> employee who conceded that his claim should be dismissed before trial as
> moot, when the full amount of back pay was tendered, was a prevailing
> party entitled to statutory attorney's fees under § 216(b). **It should not be
> construed as authorizing the denial of attorney's fees, requested by an
> employee, solely because an employer tendered the full amount of back
> pay owing to an employee, prior to the time a jury has returned its
> verdict, or the trial court has entered judgment on the merits of the
> claim**.

*Dionne*, 667 F.3d at 1206 n. 6 (emphasis added). As fate would have it, that is exactly

what the Defendants attempted to do in this case.[2] Defendants sent a check for full

---

[2]     Defendants include, at Exhibits 2 and 3 of their Motion, a similar motion to
dismiss in a 2011 case, and an Order granting that motion. That case is not binding
precedent here.  In fact, the decision there cites a later-vacated decision in the *Dionne*

tender and then claimed that "since Plaintiff did not obtain a judgment or enter into a settlement, he cannot be considered a prevailing party entitling him to attorney's fees and costs." [ECF No. 17, p. 3].

Defendants' effort to drive this case out of federal court, while strategically impressive, cannot succeed. The Eleventh Circuit has held that "settlement offers do not divest the district court of subject matter jurisdiction." *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1164 (11th Cir. 2012). In *Zinni*, the defendants attempted to dismiss multiple cases as moot by offering the plaintiffs a dollar more than the maximum allowable award under the Fair Debt Collection Protection Act. *Id.* at 1163. The defendants also offered unspecified attorney's fees and costs, but did not offer to have judgment entered against them. *Id.* at 1164. Each plaintiff rejected the offer, but the defendants still moved to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3) and the district court granted the motions as to each plaintiff. *Id.* at 1163-64. The Eleventh Circuit reversed, holding that "[b]ecause the settlement offers were not for the full relief requested, a live controversy remained over the issue of a judgment and the cases were not moot." *Id.* at 1167-68. The court specifically recognized that "[a] judgment is important to [the plaintiffs] because the district court can enforce it." *Id.* at

_____

case, 647 F.3d 1109, that did *not* include footnote 6, which, as described above, specifically notes that a request for attorney's fees in an FLSA case cannot be denied simply because an employer tenders the full amount of allegedly owed back pay. The 11th Circuit's subsequent decision in *Dionne* **is** binding precedent.

1168. Thus, "[t]he district court erred in concluding [defendants'] offers of settlement were for full relief such that [plaintiffs'] cases were mooted." *Id.*

Courts that may have been inclined to read *Dionne* as allowing defendants who paid full tender to avoid liability for attorney's fees and costs changed course following the *Zinni* decision. *See, e.g., Tapia v. Florida Cleanex, Inc.*, 09-21569-CIV, 2012 WL 7965871 at * 4 (S.D. Fla. Dec. 7, 2012) (noting that *Zinni* forecloses the approach that Defendants urge here). This case, like *Tapia*, closely resembles *Zinni*. Plaintiff has not conceded that his overtime claim is moot. [ECF No. 16, p. 1]. Plaintiff still wants to pursue a judgment for both claims and obtain the attorney's fees and costs that he believes he is entitled to here. [*Id.*]. The Eleventh Circuit has made clear that when plaintiffs do not concede that their case is moot, or accept a settlement offer (the Plaintiff has done neither here), courts cannot simply dismiss the case with prejudice. *Dionne*, 667 F.3d at 1206, n. 6; *Zinni*, 692 F.3d at 1164.

Accordingly, the Undersigned finds that a live controversy still exists and Plaintiff's overtime claim is **not** moot. Defendants cannot simply pay the full claim, including liquidated damages, and in so doing, avoid liability altogether for Plaintiff's attorney's fees and costs and cause the remaining negligence claim to be remanded to state court. [ECF No. 17, p. 1]. *Zinni* makes clear that settlement offers, even those for the full amount of allowable damages, do not extinguish a live controversy and thereby deprive the court of subject matter jurisdiction. *Zinni*, 692 F.3d at 1164.

## III.    CONCLUSION

For the reasons outlined above, the Undersigned **denies** Defendants' Motion to Dismiss Count I of the Complaint. [ECF No. 11]. Plaintiff has not conceded that his overtime claim is moot and the Court has not entered a judgment that would render the claim moot.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, this 10th day of July, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

All counsel of record